[Cite as *Lehmann v. Westhoeffer*, 2021-Ohio-529.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PAUL T. LEHMANN, ET AL. | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MARIE WESTHOEFFER, ET AL. | : | Case No. 2020 AP 01 0001 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Court of Common Pleas, Case No. 2017 ES 59150


JUDGMENT:  Affirmed


DATE OF JUDGMENT:  February 24, 2021


APPEARANCES:

For Plaintiff-Appellant

PAUL T. LEHMANN, PRO SE
165 Co. Rd. 425
Fayette, MO  65248

For Defendant-Appellee

JOSEPH I. TRIPODI
114 East High  Avenue
New Philadelphia, OH  44663

*Wise, Earle, J.*

{¶ 1}   Appellant Paul Lehmann, et al appeals the December 19, 2019 nunc pro tunc judgment of the Tuscarawas County Court of Common Pleas Probate Division which rejected appellant's motion and amended motions for summary judgment, his objections to the final accounting in the estate of Carole Kies, and his complaint for concealment. Appellee is Marie Westhoefer, the administrator of Kies' estate. The relevant facts are as follow.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 11, 2017, Kies, ill with cancer, enlisted the assistance of Westhoefer, her friend and neighbor of 30 years, in making a will. Kies, having never married and leaving no issue, left her entire estate to Westhoefer and additionally made Westhoefer the executrix of her will. The will was signed by one witness, Regina Rummes. While both Westhoefer and another woman, Carol Fay Breehl, were present during the preparation of the will, neither signed the will, and Breehl left the room while Rummes signed. Kies died the same day.

{¶ 3}   On July 19, 2017, Westhoefer filed an Application to Probate Will and an Application for Authority to Administer Estate in the Tuscarawas County Probate Court. On the same date, the court noted its review of the document purporting to be Kies' will and the fact that it did not conform with R.C. 2107.03. A hearing was set for August 7, 2017 for Westhoefer to present evidence and argument regarding the admission of the will and to determine what efforts could be made to locate next of kin.

{¶ 4}   At the hearing, the court heard testimony from Westhoefer and Rummes explaining Kies' desire to make a will and her intent that the document presented to the probate court be her will.[1]

{¶ 5}   On August 18, 2017, the court issued its judgment entry finding while the will did not meet the statutory requirements of R.C. 2107.03, because Westhoefer had established the elements required by R.C. 2107.24, the will was admissible pursuant to R.C. 2107.24, Ohio's non-conforming will statute.

{¶ 6}   Because Kies had never mentioned any relatives to Westhoefer, an heir search was conducted which located 31 cousins and second cousins including appellant herein. Appellant was served with notice of probate of the will on October 11, 2017.

{¶ 7}   On January 22, 2018, appellant filed a pro se complaint to contest the will admitted to probate naming himself as plaintiff and only Westhoefer as a defendant. On February 9, 2018, Westhoefer moved to dismiss the complaint for failure to comply with R.C. 2107.73, describing necessary parties to a will contest.

{¶ 8}   On February 12, 2018, other heirs filed a will contest complaint represented by Akin Law, P.A. (Herein "the Akin group.")

{¶ 9}   On February 14, 2018, a second group of heirs filed a will contest complaint represented by Attorney Lundholm. (Herein "the Lundholm group.")

{¶ 10} On February 26, 2018, appellant filed an amended complaint without leave of court. He named thirty "plaintiffs" other than himself, but did not serve those unaffiliated with the Akin or Lundholm groups by certified mail. Throughout this matter, appellant has

---

[1] {¶ 1}   Breehl did not testify that day as she had to work, but was subpoenaed to testify at the later will contest trial.

persisted in his belief as to how potential heirs should be made parties despite the trial court's rulings and direction to appellant to the contrary.

{¶ 11} On September 19, 2018, the magistrate dismissed appellant's will contest complaint for failure to join necessary parties, "subject to possible relief to [appellant] by way of amended pleading." On October 9, 2018, appellant objected to the magistrate's decision. On December 5, 2018, the trial court overruled appellant's objections and adopted the magistrate's decision. Appellant did not file an amended will contest complaint, nor did he appeal the dismissal of his will contest complaint. He did, however, file a motion to vacate which essentially disagreed with the trial court's findings dismissing his will contest. Appellant stated he had properly joined all of the R.C. 2105.06 heirs as plaintiffs because none of them had refused to be plaintiffs. He further argued if that was improper, the trial court should have moved "a plaintiff across the aisle to the defendant's side, and vice versa." While the court indicated appellant should move to re-amend his complaint, he never did.

{¶ 12} The matter was set for jury trial in the remaining two will contest cases filed by the Akin and Lundholm groups on May 16, 2019. Before trial began, but after a jury was impaneled, a settlement agreement was reached between those parties to split the estate in thirds, distributing one third to each group and one third to Westhoefer. Appellant was included in the settlement discussions, agreed to the settlement, and received his proportionate share of the settlement distributed to the Lundholm group.

{¶ 13} Nevertheless, on May 17, 2019, appellant filed a motion to stay approval of the settlement claiming he and eighteen other heirs were excluded from the settlement negotiations which constituted a "monumental violation" of his constitutional rights as well

as the rights of the other 17 parties. The trial court denied the motion on May 23, 2019. The court found the settlement agreement had been read into the record and was approved and adopted in appellant's presence. The court further found because appellant had no pending claim against Westhoefer, it did not matter that the recited agreement did not state what if any benefit appellant was to receive. Because he was not a party to the settlement, the court said, he had no standing to object to plaintiff's settlement with Westhoefer as plaintiffs had no obligation to benefit other potential heirs who had no pending claims in the case. The trial court noted that while theoretically, any non-settling defendants like appellant retained the right to set aside the will, the statute of limitations for filing a will contest had expired. The judgment entry further stated: "The settlement of Plaintiff's complaints resolved all will-contest matters pending before this Court."

{¶ 14} On May 29, 2019, appellant filed a Motion to Stay Payments and Estate Share Division. In this motion appellant claimed the trial court had failed to rule on his December 21, 2018 motion to vacate the trial court's December 5, 2018 judgment dismissing his will contest for failure to join necessary parties. Westhoefer filed a response on May 30, 2019.

{¶ 15} On May 31, Westhoefer filed a final and distributive account with receipts and disbursements, certificates of service to heirs and beneficiaries, and distribution according to the will contest settlement agreement. The trial court approved the final accounting on June 12, 2019.

{¶ 16} On June 5, 2019, appellant cashed the $5,612 check for his proportionate share of the settlement.

{¶ 17} On June 20, 2019, appellant filed a "Motion for Summary Judgment" wherein appellant argued the probate court erred in admitting the will to probate without first invalidating any devises and bequests to Westhoefer, citing R.C. 2107.15 which voids a will's devise to a witness if that witness was essential to establishing the validity of the will. Appellant also took issue with Kies' capacity to make a will on the day of her death, alleged Westhoefer engaged in fraud and concealed assets in her capacity as executrix, and accused counsel for Westhoefer of keeping hidden the fact that Kies' will was invalid on its face.

{¶ 18} Before any counter-filing or order on his motion, on June 26, 2019, appellant filed an "Amended Motion for Summary Judgment Alternatively to Vacate Void Judgment." In this motion appellant argued the probate court's May 16, 2019 judgment approving the settlement of the will contest actions and dismissal of pending complaints was void as was the court's August 18, 2017 judgment admitting the will to probate pursuant to R.C. 2107.15. This motion repeated appellant's arguments that Westhoefer could not take from the estate pursuant to R.C. 2107.15 and therefore the settlement entry of May 16, 2019 was void.

{¶ 19} Appellant filed numerous motions thereafter, improper precipices for subpoenas and a jury demand on his concealment of property complaint. Ultimately the trial court, in a December 19, 2019 nunc pro tunc judgment entry, denied appellant's motion and amended motion for summary judgment, overruled his objection to the final accounting, and denied his complaint for concealment as having no merit. It is from this judgment entry that appellant appeals. He raises four assignments of error as follow:

I

{¶ 20} "THE PROBATE COURT ERRED BY ADMITTING A WILL UNDER R.C. 2107.24: A) THAT WAS INVALID FOR LACK OF A TESTATOR SIGNATURE, AND B) WITHOUT VOIDING THE DEVISE OF ONE OF THE WITNESSES UNDER R.C. 2107.15; THUS ALLOWING A FRAUD ON THE COURT AND THE STATUTORY DESCENDANTS."

II

{¶ 21} "THE PROBATE COURT ERRED WHEN IT DISMISSED THE WILL CONTEST OF A PRO SE STATUTORY HEIR ON THE GROUNDS OF UNLICENSED PRACTICE OF LAW AND MISJOINDER."

III

{¶ 22} "THE PROBATE COURT ERRED IN APPROVING A SETTLEMENT AGREEMENT BETWEEN ONLY THIRTEEN OF THE STATUTORY HEIRS AND APPELLEE WESTHOEFER BECAUSE SAID SETTLEMENT WAS FRAUDULENT, DETRIMENTAL AND THUS VOID *AB INITIO*."

IV

{¶ 23} "THE PROBATE COURT ERRED IN DISMISSING APPELLANT PAUL LEHMANN'S CONCEALMENT COMPLAINT."

I, II, III, IV

{¶ 24} As an initial matter, we note appellant filed this appeal pro se on behalf of himself and eight other heirs of the decedent. While appellant may certainly represent himself, he may not, as a non-lawyer, represent others. The unauthorized practice of law includes the preparation of legal documents for others without proper admission to the

practice of law. We therefore consider this appeal only as it applies to appellant Paul Lehmann.

{¶ 25} Each of appellant's four assignments of error fail for the same reason – he never properly contested decedent's will

{¶ 26} R.C. 2107.76 addresses will contest actions and provides in relevant part:

> No person who has received or waived the right to receive the notice of admission of a will to probate required by section 2107.19 of the Revised Code may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than three months after the filing of the certificate described in division (A)(3) of section 2107.19 of the revised code. * * *

{¶ 27} Appellant was properly served with notice of the admission of Kies' will and does not dispute that fact.

{¶ 28} In appellant's first assignment of error, he argues the probate court erred in admitting Kies' will because it was invalid for lack of a testator signature, and because the devise to Westhoefer, a witness to the will, should have been voided. We find appellant's first assignment of error is not properly before this court.

{¶ 29} Appellant's will contest action was dismissed for failure to join necessary parties on September 19, 2018, and appellant failed to properly re-file the same. Appellant later again attempted to challenge admission of the will in June 2019 by way of a motion for summary judgment. In the magistrate's decision of August 2, 2019, however, the magistrate concluded appellant's will contest, under the guise of a summary judgment

motion two years after the will was admitted to probate, was untimely. The trial court adopted the magistrate's decision. Appellant therefore never had a valid will challenge in the probate court and may not therefore challenge the admission/validity of decedent's will here on appeal.

{¶ 30} In his second assignment of error, appellant faults the probate court for dismissing his will contest on grounds of misjoinder and the unauthorized practice of law.

{¶ 31} Once the probate court dismissed appellant's will contest, appellant had two choices. He could have sought leave of court to amend his complaint to comport with the requirements of R.C. 2107.73, or he could have timely appealed the probate court's decision. He did neither. Because appellant's complaint was not timely appealed, we are without jurisdiction to address it.

{¶ 32} In his third assignment of error, appellant argues the probate court erred in approving the pre-trial settlement without including non-represented parties in the agreement. The parties appellant appears to refer to are those who had been served with notice of the probate of the will, but while properly served, failed to appear or respond in any manner other than though appellant who is not a licensed attorney. Appellant may not assert the rights of others. Further, according to the trial/settlement transcript in this matter, appellant was present and included during the settlement negotiations and received his proportionate share of the settlement.

{¶ 33} In his final assignment of error, appellant argues the probate court erred in dismissing his concealment complaint. We disagree.

{¶ 34} The record reflects Westhoefer filed an inventory and three partial accounts which listed household contents. Neither the inventory, nor the three partial accounts

were timely contested by any party. Moreover, any household contents were left to Westhoefer by Kies' will and the two valid will contest actions settled. As we have stated above, appellant never had a valid will contest before the probate court. Thus, as found by the probate court, appellant had no standing to bring a complaint for concealment.

{¶ 35} Appellant's four assignments of error are overruled.

{¶ 36} The judgment of the Tuscarawas County Probate Court is affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/rw